IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MEREDITH D. FISHER,

    Plaintiff,

v.                                                  CASE NO. 1:20-cv-167-MW-GRJ

JOSEPH A. HENDERSON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's *pro se* "Complaint to Require Performance of a Contract to Convey Real Property," filed July 30, 2020. ECF No. 1. Plaintiff is not a prisoner and has paid the $400 filing fee, and, therefore, she is not subject to the screening provisions of 28 U.S.C. § 1915(e) and § 1915A. Nevertheless, "a federal court must inquire *sua sponte* into the issue [of subject matter jurisdiction] whenever it appears that jurisdiction may be lacking." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)). Because Plaintiff has failed to demonstrate the Court has subject matter jurisdiction over this action, notwithstanding three opportunities to do so, and she has abandoned the

prosecution of this action, it is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED**.

Relevant here, Plaintiff alleges that, on June 29, 2020, she entered into a contract with Defendant for the purchase of commercial property in Gainesville, Fla., valued at $129,900.00. ECF No. 1 at 4, 8–18. Plaintiff says she completed closing paperwork and tendered a $50,000.00 deposit on July 28, 2020, but has not since received the key to the property. *Id.* at 5. As to relief, Plaintiff seeks specific performance of the purchase contract or, alternatively, monetary damages and costs. *Id.* at 5–6.

Assuming *arguendo* that Plaintiff states a cause of action against Defendant, she must demonstrate a basis for invoking this Court's limited subject matter jurisdiction in the Complaint. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Subject matter jurisdiction is the Court's limited "power to decide only certain types of cases." *Morrison*, 228 F.3d at 1260–61; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts typically enjoy "federal question" jurisdiction over their cases because they "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Not so here, where the dispute concerns an alleged breach of contract under Florida law.

This leaves only "diversity jurisdiction." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001). For a court to have diversity jurisdiction, there must be complete diversity of citizenship between the parties and an amount in controversy more than $75,000. 28 U.S.C. § 1332(a); *see also Flintlock Cons. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). A natural person is a citizen of the state where she is domiciled, and domicile requires residence and an intention to remain there indefinitely. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

An initial review of Plaintiff's Complaint reveals a fatal lack of diversity jurisdiction under § 1332(a). Although the amount in controversy appears to exceed $75,000, *Occidental Chemical Corp. v. Bullard*, 995 F.2d 1046, 1048 (11th Cir. 1993), Plaintiff does not establish complete diversity between her and Defendant. That is, Plaintiff alleges she and Defendant are both citizens of the same state—Florida. ECF No. 1 at 1–3. Plaintiff also alleges that her limited liability company is a citizen of Florida, *id.* at 3, but this allegation is irrelevant because LLC is not a named party in this matter or the contract in issue. Plaintiff's Complaint should, therefore, be dismissed for lack of subject matter jurisdiction.

Although that is enough to close the case, Plaintiff's Complaint is also subject to dismissal because she has failed to prosecute this action. Fed. R. Civ. P. 41(b); *see also Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) ("[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order."). On August 3, 2020, the Court entered an order directing Plaintiff to show cause (in writing) on or before August 18, 2020, as to why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 4. The Court warned Plaintiff that failure to respond to the order to show cause would result in a recommendation of dismissal. *Id.* at 4. The Clerk of Court attempted to mail to Plaintiff a copy of the August 3, 2020, order to show cause, but the mailing was returned to the Clerk due to an insufficient address. ECF No. 6. Plaintiff was required to keep the Court apprised of her mailing address, but she failed to do so. What's more, when the order to show cause was returned, the Court reviewed Plaintiff's Complaint, determined that a more specific address for Plaintiff existed in the record, directed the Clerk to mail Plaintiff a copy of the order to show cause to that address, and extended Plaintiff's "show cause" deadline to August 28, 2020. ECF No. 7. The second order was not returned to the Clerk, but the Court has not received any further

communication or filing from Plaintiff. The Court concludes that Plaintiff has abandoned prosecution of this action and that the only appropriate sanction is dismissal.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's "Complaint to Require Performance of a Contract to Convey Real Property," ECF No. 1, should be **DISMISSED** for lack of subject matter jurisdiction and for failure to prosecute.

**IN CHAMBERS** this 24th day of September 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.